[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PENDENTE LITE MOTIONS (DOCKET ENTRIES NO. 102 AND 103)
Background
The evidence at the hearing on December 1, 2000, established the following:
1. The defendant has not at any time directed any act of physical violence toward the plaintiff over the past year. Though there was a suggestion of some such behavior prior to that period, no direct evidence of any specific act was proferred.
2. Apart from a family party in April of 2000 on a site other than the marital premises, at which time the defendant was drunk and unruly and frightened the plaintiff's family, the only instances of emotional abuse toward either the plaintiff or the couple's (adult) college age son who lives at home consisted of the defendant's coming home in the early morning hours of October 18, 2000, under the influence of alcohol and yelling and screaming and his blaring of loud music at approximately 6:45 a.m. on October 19, 2000. The plaintiff's testimony was that the husband was verbally abusive three (3) times during the past two (2) weeks and followed the defendant's CT Page 15026 consumption of alcohol.
3. As the plaintiff conceded during cross-examination, the defendant has not voluntarily vacated the marital premises but was instead absent from the home for approximately nine (9) weeks from August-September of 2000 for reason of his father's illness, hospitalization, and recovery and his mother's advanced age (78).
4. The defendant has, for the twenty-three (23) years of his marriage, turned over the entirety of his primary monthly paycheck ($2,861.91) to the plaintiff who managed the household finances and paid the bills. The defendant's supplemental check of approximately one hundred forty-five dollars ($145.00) per week is used by the defendant to provide gas for his car (necessary to his earning of a living), for car repair (also necessary to his earning of a living), and to save for the purchase approximately every three (3) years of a reliable, used vehicle (also necessary for the maintenance of his employment income)
5. The plaintiff's net weekly income is approximately two hundred thirty-three dollars ($233.00) per week. She works twenty-four (24) hours weekly as a teacher's aide. There was no evidence the plaintiff has either the skills or training to significantly increase her earnings at the present time.
6. The plaintiff cannot support the household — to include the education of two (2) college age children — on her earnings. In fact, she requires the entirety of the defendant's primary paycheck to accomplish the same.
7. The defendant cannot live separately from the plaintiff without contributing substantially less to the household than he presently contributes.
 ORDERS
The motion for exclusive possession (docket entry no. 103) is denied without prejudice. The plaintiff may renew her motion if her husband's continued drinking results in emotional and/or physical abuse which precludes a finding the couple can peaceably reside in the same household. The husband, who has agreed to comply with any orders this court might impose in deciding these motions, is restrained from consuming in the marital premises or returning home after having consumed such a quantity of alcohol as to frustrate or make impossible household harmony. Should he do so, the plaintiff may renew her motion for exclusive possession. CT Page 15027
Regarding the plaintiff's motion for contribution toward household expenses (docket entry no. 102), the defendant is hereby ordered to continue to contribute the amount of his primary employment check ($2,861.91) monthly effective immediately.
The defendant has contributed the total sum of nine hundred fifty dollars ($950) for the months of September, October and November, 2000. The total amount he would otherwise have contributed for that period is $8,585.73. With application of the credit for the amount paid, the arrearage is $7,635.73. The defendant is ordered to pay the sum of two thousand five hundred dollars ($2,500) to the plaintiff within seven (7) days of this date, two thousand five hundred dollars ($2,500) to the plaintiff within thirty (30) days of this date, and to pay $2,635.73 to the plaintiff by January 31, 2001.
SO ORDERED.
SHEEDY, J.